IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GGNSC UNIONTOWN, LP d/b/a GOLDEN LIVING CENTER – UNIONTOWN, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 15-231 |
| v. | ) ) | Judge Cathy Bissoon |
| COLLEEN M. BAUER, Executrix of the Estate of IRENE C. KARLOWICZ, Deceased, | ) ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons stated below, Defendant's Amended Motion to Dismiss (Doc. 13) will be GRANTED.

### BACKGROUND

Federal Plaintiffs GGNSC Uniontown and various related entities ("GGNSC") bring the present action seeking to compel arbitration of claims filed against them in state court. See generally Compl. (Doc. 1). The Court notes at the outset that this case appears to be one of a number of similarly situated actions arising in federal courts across Pennsylvania.

The relevant facts and procedural history are as follows. Federal Defendant Colleen M. Bauer is the Executrix of the Estate of Irene C. Karlowicz ("the Estate"). For the two-month period prior to her death, Irene Karlowicz resided at a skilled nursing facility operated by GGNSC. Id. at ¶ 16. On February 4, 2015, the Estate filed a state court action against GGNSC, related corporate entities, and two of its employees in the Court of Common Pleas of Fayette

County. See Def.'s Br. (Doc. 14) at 1-2. The lawsuit brings claims under Pennsylvania's Wrongful Death Act (42 Pa.C.S.A. § 8301) and Survival Statute (42 Pa.C.S.A. § 8302) for alleged negligence relating to GGNSC's care of Irene Karlowicz. See id.

GGNSC then filed this action under the Federal Arbitration Act, seeking an order compelling the wrongful death and survival claims to arbitration pursuant to an arbitration agreement signed by Irene Karlowicz. See generally Compl. (Doc. 1). Three days later, GGNSC and its state court co-defendants filed preliminary objections in the Court of Common Pleas, seeking an order compelling the entire case to arbitration on the basis of the same agreement. Def.'s Br. (Doc. 14) at 2. The Court of Common Pleas held oral argument on the preliminary objections on July 28, 2015 and denied same in an order dated two days later. Id. at 2-3. The order cited to a Pennsylvania Superior Court decision, Taylor v. Extendicare, in concluding that the Estate's claims could not be compelled to arbitration. GGNSC and the other state court defendants have appealed that order. Id. at 4.

The Estate's Amended Motion to Dismiss raises a number of arguments, but the Court need only address the arguments that: (1) the Estate's tort claims should not be compelled to arbitration as a matter of Pennsylvania law, and (2) regardless, GGNSC's Complaint is barred by the doctrine of issue preclusion, since the Court of Common Pleas already ruled on the same issue.[1] See generally id.

## ANALYSIS

GGNSC seeks arbitration of both the survival and wrongful death claims. Under Pennsylvania law "wrongful death actions are derivative of decedents' injuries but are not

---

[1] The Motion argues a number of other grounds for dismissal, including: claim preclusion, Colorado River abstention, and failure to join indispensable parties. See generally, Def.'s Br. (Doc. 14). Since the Court will dismiss the case pursuant to the doctrine of issue preclusion, these other arguments need not be discussed.

derivative of decedents' rights." Pisano v. Extendicare Homes, Inc., 77 A.3d 651, 660 (Pa. Super. Ct. 2013) appeal denied, 86 A.3d 233 (2014) and cert. denied, 134 S. Ct. 2890, 189 L. Ed. 2d 838 (2014). Accordingly, state and federal courts have consistently declined to compel arbitration of wrongful death claims in these types of cases, because the beneficiaries' rights cannot be surrendered by an agreement signed only by the decedent. See, e.g., Erie Operating, LLC v. Foster, No. CA 14-72, 2015 WL 5883658 *2 (W.D. Pa. Oct. 8, 2015); GGNSC Erie v. Stubits, CA 15-61 (Doc. 17 at 9) (W.D. Pa. Aug. 7, 2015); Pisano, 77 A.3d at 660-61.

For survival actions, however, "recovery of damages stems from the rights of action possessed by the decedent at the time of death." Pisano, 77 A.3d at 659-60 (quoting Moyer v. Rubright, 651 A.2d 1139, 1141 (Pa. Super. Ct. 1994)). Survival claims thus would generally fall within the scope of arbitration agreements signed by the decedent. Nevertheless, there is a split between Pennsylvania state courts and federal courts regarding whether to compel arbitration of a survival claim where there is also a wrongful death claim which cannot be compelled to arbitration. Compare Taylor v. Extendicare Health Facilities, Inc., 113 A.3d 317, 321-28 (Pa. Super. Ct. 2015) appeal granted, 122 A.3d 1036 (Pa. 2015) (holding that because the issues are identical in the two actions, that pursuant to Pa.R.C.P. 213(e), the survival claim should not be separated from the wrongful death claim and compelled to arbitration because of the possibility of "inconsistent liability and duplicative damage determinations") with, e.g., Erie Operating, 2015 WL at *2 (acknowledging a "split of authority as to whether the [Federal Arbitration Act] preempts Pa.R.C.P. 213(e)" and compelling arbitration of the survival claim and not the wrongful death claim); and Golden Gate Nat'l Senior Care, LLC v. Beavens, No. CV 15-17, 2015 WL 5000886, at *9-10 (E.D. Pa. Aug. 20, 2015) (ordering same and expressly finding that "the FAA preempts the application of Rule 213 to [such a case]").

Were it not for the ruling of the Court of Common Pleas, this Court would have to dismiss GGNSC's Complaint with regard to the wrongful death claim, and would likely follow other federal courts in compelling the survival claim to arbitration. However, in light of that decision, the Court will dismiss the entire Complaint on issue preclusion grounds.

The Estate argues that the Court should apply issue preclusion based on the Court of Common Pleas's order denying GGNSC's preliminary objections seeking enforcement of the arbitration agreement. Facing the same issue in a nearly identical case, the Honorable Barbara J. Rothstein,[2] recently found that issue preclusion applied. See GGNSC Erie, CA 15-61 (Doc. 33 at 4-8) (finding preclusive effect even where the prior state court ruling was not brought to the court's attention until after it had ruled on the estate defendant's motion to dismiss).[3] The undersigned concurs with Judge Rothstein's analysis.

Federal courts "must give the acts of Pennsylvania's courts the same full faith and credit in federal court that they would enjoy in Pennsylvania's courts." Greenleaf v. Garlock Inc., 174 F.3d 352, 357 (3d Cir. 1999) (citations omitted). In determining the preclusive effect of a state court decision, this Court should look at the law of the adjudicating state, Pennsylvania. See id. at 357-58. Additionally, "[b]ecause of the similarity of issue preclusion under Pennsylvania law and federal common law," federal courts may also "draw on federal authority" in analyzing issue preclusion. Penn Mont Securities v. Frucher, 502 F.Supp.2d 443 at n. 8 (E.D. Pa. 2007). Under Pennsylvania law, another court's determination of an issue has preclusive effect if: (1) the issue decided in the prior adjudication was identical to the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom issue preclusion is asserted was a

---

[2] Judge Rothstein has been serving by designation in our District due to a vacancy in our Court's Erie division.
[3] Review of the docket reveals that the nursing home plaintiff has filed a Notice of Appeal. Id. (Doc. 34).

party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in the prior action. Cemex, Inc. v. Indus. Contracting & Erecting, Inc., 2006 WL 1785564, at *3 (W.D. Pa. June 26, 2006) aff'd, 254 F. App'x 148 (3d Cir. 2007) (citing Tucker v. Philadelphia Daily News, 848 A.2d 113, 120 (Pa. 2004)).

The third and fourth elements are not disputed and clearly are satisfied here.

As to the first element of whether the issues are identical, as best the Court can tell, GGNSC argues that the state court based its decision on the holdings in Taylor and Pisano rather than the merits of the arbitration agreement itself. See Pl.'s Opp'n Br. (Doc. 22) at 6-11 ("Simply put, the arbitration agreement was disparately ignored due to the holdings in the Superior Court and the actual issue for purposes of collateral estoppel (the merits of the enforceability of the Agreement) was never decided."). GGNSC's attempt to define the "issue" so narrowly is unpersuasive. The question raised by both its federal Complaint and its state court preliminary objections is whether the Estate's tort claims should be compelled to arbitration pursuant to the agreement signed by Irene Karlowicz. The validity and enforceability of the agreement are only part of the broader issue. The Court of Common Pleas essentially found that, as a matter of law, these particular claims could not be compelled to arbitration *even if* the arbitration agreement is valid. That finding resolves the ultimate issue of whether the claims should be compelled to arbitration and renders irrelevant a determination of the validity of the agreement. What it does not do, is make the issue before this Court any different than that in the Court of Common Pleas. As Judge Rothstein held in the same situation, "[t]he state court's ruling expressly addresses the arbitrability of the Survivor claim under the FAA. That identical issue is pending before this Court." GGNSC Erie, CA 15-61 (Doc. 33 at 6). In this case, the

5

state court order does so only through a citation to Taylor, but that was the precise issue decided in Taylor. 113 A.3d at 321-28

The other component of GGNSC's argument is that Taylor is (1) not binding on this Court and (2) wrongly decided.[4] See Pl.'s Opp'n Br. (Doc. 22) at 6-11. Both of these arguments miss the point of issue preclusion. Application of issue preclusion does not require the second court to find that it would have ruled the same way as the first. See, e.g., Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) ("A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack") (citations omitted); Delaware River Port Auth. v. Fraternal Order of Police, 290 F.3d 567, 577 (3d Cir. 2002) ("Were we sitting on the New Jersey courts, we might have interpreted the respective statutes and the DRPA's obligations to its patrol officers differently. But we may not reconsider the New Jersey judgment."); GGNSC Erie, CA 15-61 (Doc. 33 at 6) ("[T]he case law makes it clear that the fact that a federal court might decide the issue differently than the state court is irrelevant in deciding whether the issues are identical."). Therefore, the Court finds the first element satisfied.

The Court finds the remaining element -- whether the state court order constitutes a "final judgment on the merits" – also has been satisfied.[5] Regarding finality: "Pennsylvania law takes

---

[4] Indeed, as noted above, Taylor currently is on appeal to the Supreme Court of Pennsylvania, and a number of other courts have disagreed with its holding. See, e.g., Erie Operating, 2015 WL at *2; Golden Gate Nat'l Senior Care, 2015 WL at *9-10; Cosgrove v. ManorCare of Lancaster PA, LLC, 2015 WL 6957059, at *1 (Pa. Super. Ct. June 18, 2015) ("[nursing home] contents Taylor was wrongly decided, but concedes that it controls. We agree.").

[5] Again, GGNSC seems to argue that because the Court of Common Pleas based its decision on Taylor, it did not reach a decision on the merits of the arbitration agreement. See Pl.'s Opp'n Br. (Doc. 22) at 6. The Court takes this more as an argument regarding the similarity of the two issues, *i.e.* the first factor. However, to the extent GGNSC means to argue that there was no judgment on the merits, it has not supplied any case law to support a conclusion that prior decisions based upon legal precedent do not constitute judgments on the merits. Nor has GGNSC articulated a clear theory on why exactly this would be the case. As discussed *supra*,

a broad view on what constitutes a 'final judgment' for purposes of *res judicata*." Richardson v. Folino, 2012 WL 6552916 at *6 (W.D. Pa. 2012) (citations omitted). A judgment is final if it is "sufficiently firm to be accorded preclusive effect." Greenleaf, 174 F.3d at 358 (citing the Restatement (Second) of Judgments, § 13 at 132). Four factors generally are to be considered in evaluating the firmness of a judgement: "(1) whether the prior decision was 'adequately deliberated and firm' and not 'avowedly tentative'; (2) whether the parties were fully heard; (3) whether the court supported its decision with a reasoned opinion; (4) whether the court's prior decision was subject to appeal or was in fact reviewed on appeal." Id. at 358. Admittedly, the state court order is short -- two pages in total -- and provides minimal analysis besides a citation to Taylor.[6] See Def.'s Exhibit F, State Court Order (Doc. 14-6). The other factors, however, support a finding of finality. Both parties submitted briefing and the Court of Common Pleas held oral argument. Nothing in the order implies that the ruling is tentative or otherwise subject to change. GGNSC had the opportunity to, and in fact did, appeal.

GGNSC's primary argument against finality is that the state court order is not final because GGNSC has taken an appeal. See Pl.'s Opp'n Br. (Doc. 22) at 10-15. That the issue is pending on appeal in the state court system does not render it lacking in finality for the purposes of issue preclusion. See, e.g., GGNSC Erie, CA 15-61 (Doc. 33 at 6) ("courts applying Pennsylvania law have held that the pendency of appeal is irrelevant for the purposes of issue preclusion.") (collecting cases); Schuldiner v. Kmart Corp., 450 F.Supp.2d 605, 609 (E.D. Pa. 2006) ("Pennsylvania law does not require that courts await appellate review in an initial action before res judicata or collateral estoppel may apply to a second action."); Cemex, 2006 WL at *3

---

that Taylor is not binding on this Court and/or may have been wrongly decided is not the point of issue preclusion.

[6] This Court would note though, that the holding in Taylor appears to be squarely on point, and that the Court of Common Pleas is bound by Superior Court precedent.

("a judgment is deemed final for purposes of [issue preclusion] unless *or until it is reversed* on appeal") (emphasis added); Yonkers v. Donora Borough, 702 A.2d 618, 621 (Pa. Cmmw. 1997) ("Postponing finality of a judgment for purposes of [issue preclusion] until appellate review is conducted tends towards duplication of litigation; [therefore,] holding that a judgment is final despite pendency of an appeal . . . seems the best general solution."). Therefore the Court finds that, on balance, the state court order is sufficiently firm to warrant preclusive effect.

Having found all of the factors for issue preclusion satisfied, the interests of full faith and credit and comity towards the Pennsylvania courts, require the dismissal of this action. Taylor may very well be incorrectly decided, but the state court order in this case precludes this Court from reaching that conclusion. It is worth noting that hope remains for GGNSC in the form of both its Superior Court appeal in this case, and the Supreme Court of Pennsylvania's review of Taylor.

## II. ORDER

For all of the reasons stated above, Defendant's Amended Motion to Dismiss (**Doc. 13**) is **GRANTED**.

IT IS SO ORDERED.

December 22, 2015                               s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge
cc (via ECF email notification):

All counsel of record